**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation, | No. CV-09-688-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| M A C & Sons, Inc., a Nevada corporation; and Munir A Chaudary, | |
| Defendants. | |

Plaintiffs have filed a motion to strike Defendants' demand for a jury trial. Dkt. #21. No response has been filed, and the time for doing so has expired. *See* LRCiv 7.2(c). The Court will grant the motion.

Rule 38 of the Federal Rules of Civil Procedure provides that a demand for a jury trial must be made "no later than 10 days after the last pleading" is filed. Fed. R. Civ. P. 38(b)(1). The last pleading in this case was Defendants' answer filed on June 4, 2009. Dkt. #12. The deadline for demanding a jury trial was therefore June 22, 2009. *See* Fed. R. Civ. P. 6(a), (d). Defendants first requested a jury trial on July 23, 2009 (Dkt. #15 at 10), more than a month late. Defendants filed a formal demand for a jury trial 11 days later. Dkt. #18.

Defendants' failure to make a timely demand under Rule 38(b) constitutes a waiver of the right to a trial by jury. Fed. R. Civ. P. 38(d); *see Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005) ("Rule 38 cut off Lutz's right to demand a jury trial ten days after Glendale's answer was served[.]"); *Kletzelman v. Capistrano Unified Sch. Dist.*,

91 F.3d 68, 71 (9th Cir. 1996) ("Since Kletzelman's motion for a jury trial was untimely and not in writing as required by Rule 38, the district court did not err in finding that Kletzelman had waived her right to trial by jury."); *Fuller v. City of Oakland*, 47 F.3d 1522, 1530-31 (9th Cir. 1995) ("Rule 38 establishes an affirmative duty for a party to file a jury demand; the failure to file a demand constitutes a waiver of the right."); *see also Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir. 1976) (mere "oversight or inadvertence" in failing to properly demand a jury trial is insufficient to obtain relief from waiver). Because Defendants had waived the right to a jury trial prior to requesting one, the Court will grant Plaintiff's motion to strike. *See id.*; *see also* LRCiv 7.2(i) (a party's failure to respond to a motion may be deemed a consent to the granting of the motion and the Court may dispose of the motion summarily).

**IT IS ORDERED:**

1. Plaintiff's motion to strike Defendants' demand for jury trial (Dkt. #21) is **granted**.
2. The Clerk is directed to strike from the record Defendant's demand for jury trial (Dkt. #18).

DATED this 30th day of September, 2009.

_____
David G. Campbell
United States District Judge